IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>v.<br><br>All That Lot or Parcel of Land Located<br>at 19 Duck Pond Lane, Southampton,<br>New York 11968, Together With Its<br>Buildings, Appurtenances,<br>Improvements, Fixtures, Attachments,<br>and Easements, et al.,<br>    Defendants in Rem. | CASE NO. 1:23-cv-01545-RA |

**ANSWER OF MEDALLION INC.**

Claimant Medallion Inc. ("Medallion") hereby answers the Verified Complaint for Forfeiture (ECF 1) as follows. The numbers below correspond to the paragraph numbers in the complaint.

1. Admitted.

2. Denied.

3. Admitted.

4. Admitted.

5. Admitted.

6. Denied.

7. Denied, except that Medallion admits that a grand jury in the Southern District of New York indicted Vladimir Voronchenko in February 2023.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted.

17. Admitted.

18. Admitted.

19. Admitted.

20. Admitted.

21. Admitted.

22. Admitted.

23. Medallion lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 23 of the complaint.

24. Admitted.

25. Admitted.

26. Denied.

27. Denied.

28. Admitted that Medallion and Voxi ultimately purchased the properties identified in paragraph 28 of the complaint for the approximate amounts listed.

29. Denied.

30. Denied.

31. Medallion denies that Voronchenko "was aware that Vekselberg was the ultimate beneficial owner of Medallion and Voxi, and thus the Defendants-*in rem*." Medallion otherwise admits the allegations in paragraph 31 of the complaint.

32. Admitted.

33. Medallion lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 33 of the complaint.

34. Admitted.

35. Medallion denies that the Attorney "maintained and retained the properties on behalf of Vekselberg, including after Vekselberg's OFAC designation." Medallion otherwise admits the allegations in paragraph 35 of the complaint.

36. Medallion denies that Medallion was "ultimately beneficially owned and controlled by Vekselberg." Medallion lacks knowledge or information sufficient to form a belief about the truth of the allegation that "Company-1" was "ultimately beneficially owned and controlled by Vekselberg." Medallion otherwise admits the allegations in paragraph 36 of the complaint.

37. Medallion lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 37 of the complaint.

38. Medallion denies that Medallion was "ultimately beneficially owned and controlled by Vekselberg." Medallion lacks knowledge or information sufficient to form a belief about the truth of the allegation that "Company-1" was "ultimately beneficially owned and controlled by Vekselberg." Medallion admits that Smile Holding Ltd. sent wire transfers to the Attorney's IOLTA account and that the Attorney used these funds to make various payments to maintain and

service the Defendants-*in-rem*. Medallion otherwise denies the allegations in paragraph 38 of the complaint.

      39.      Admitted.

      40.      Admitted.

      41.      Admitted.

      42.      Medallion lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of paragraph 42 of the complaint.  The allegations of that paragraph are otherwise admitted.

      43.      Medallion lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of paragraph 43 of the complaint.  The allegations of that paragraph are otherwise admitted.

      44.      Medallion lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 44 of the complaint.

      45.      Medallion lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 45 of the complaint.

      46.      Medallion lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 46.

      47.      Medallion lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 47.

      48.      Admitted that as of the date of this answer, Voronchenko is not in the United States.

      49.      Medallion admits the allegations in the first two sentences of paragraph 49 of the complaint.  Medallion denies the allegation that "there is probable cause to believe that Voronchenko and others committed each of the offenses listed in the Indictment."

50. Denied.

51. Medallion incorporates its responses to paragraphs 1-50 of the complaint.

52. Admitted.

53. Admitted.

54. Denied.

55. Medallion incorporates its responses to paragraphs 1-50 of the complaint.

56. Admitted.

57. Admitted.

58. Denied.

59. Medallion incorporates its responses to paragraphs 1-50 of the complaint.

60. Admitted.

61. Admitted.

62. Admitted.

63. Denied.

64. Medallion incorporates its responses to paragraphs 1-50 of the complaint.

65. Admitted.

66. Admitted.

67. Admitted.

68. Denied.

### AFFIRMATIVE DEFENSES

Medallion asserts the following affirmative defenses:

### First Affirmative Defense

The complaint fails to state a claim upon which relief may be granted.

**Second Affirmative Defense**

The complaint fails to comply with the pleading requirements of Rule G(2)(f) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, in that it fails to state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial.

**Third Affirmative Defense**

Medallion is an "innocent owner" within the meaning of 18 U.S.C. § 983(d) of the properties to which it has asserted a claim.

Respectfully submitted,

/s/ John D. Cline
**Law Office of John D. Cline**
WA Bar No. 59426
cline@johndclinelaw.com
600 Stewart St., Suite 400
Seattle, WA 98101
Tel.: (360) 320-6435

**ATTORNEY FOR MEDALLION INC.**

## CERTIFICATE OF SERVICE

I certify that on the 18th day of April, 2023, I electronically filed the foregoing document with the Clerk of the Court for the United States District Court for the Southern District of New York using the Court's ECF system.  ECF will send a notice of filing to all counsel of record.


    /s/   *John D. Cline*
John D. Cline