**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

CASE NO. 23-cv-01545-RA

UNITED STATES OF AMERICA,

     Plaintiff,

v.

ALL THAT LOT OR PARCEL OF LAND
LOCATED AT 19 DUCK POND LANE,
SOUTHAMPTON, NEW YORK 11968,
TOGETHER WITH ITS BUILDINGS,
APPURTENANCES, IMPROVEMENTS,
FIXTURES, ATTACHMENTS, AND
EASEMENTS, *et al.*,

     Defendants.

_____/

## ANSWER OF PALAZZO DEL MARE AT FISHER ISLAND CONDOMINIUM NO ONE. ASSOCIATION, INC.

Claimant, Palazzo Del Mare at Fisher Island Condominium No. One Association, Inc. ("Claimant" or "Association"), hereby answers the Verified Complaint for Forfeiture (ECF 1) as follows. The numbers below correspond to the paragraph numbers in the Complaint.

### I.    PRELIMINARY STATEMENT

1. Admitted only that this is an action seeking forfeiture of the Defendants-*in-rem*. As to all other allegations contained in Paragraph 1, the Association lacks knowledge or information sufficient to form a belief about the truth of said allegations.

2. The Association lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 2.

## II.   JURISDICTION AND VENUE

3.      Admitted for jurisdictional purposes only.

4.      Admitted for jurisdictional purposes only.

5.      Admitted for venue purposes only.

6.      In response to Paragraph 6, the Association states that it lacks knowledge or information sufficient to form a belief about whether the Defendants-*in-rem* are subject to forfeiture. The Association states that if Defendant-*in-rem* Unit 7182/7183 of Palazzo Del Mare at Fisher Island is forfeited and sold, the Association is entitled to receive proceeds from the sale to satisfy its lien for unpaid assessments and charges related thereto levied pursuant to the Association's recorded Declaration of Condominium ("Declaration") and Chapter 718, Florida Statutes ("Florida Condominium Act"). The Association's entitlement and claim to any such sale proceeds is superior to Plaintiff and all other Defendants, any other parties to this action, or any other unknown parties, by virtue of the Association's lien pursuant to the Association's Declaration and the Florida Condominium Act.

## III.   FACTUAL ALLEGATIONS

7.      The Association lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 7.

### A.   The Russia Sanctions Regime

8.      50 U.S.C §§1701, 1702 speak for themselves. As for all other allegations in Paragraph 8, the Association lacks knowledge or information sufficient to form a belief about the truth of said allegations.

9.      The IEEPA and 50 U.S.C. § 1705(a), (c) speak for themselves.

10.     Executive Order 13660 and 79 Fed. Reg. 13493 (Mar. 10, 2014) speak for

themselves. As for all other allegations in Paragraph 10, the Association lacks knowledge or information sufficient to form a belief about the truth of said allegations.

11.     87 Fed. Reg. 12,387 (Mar. 4, 2022) speaks for itself. As for all other allegations in Paragraph 11, the Association lacks knowledge or information sufficient to form a belief about the truth of said allegations.

12.     The Executive Orders referred to in Paragraph 12 speak for themselves. As for all other allegations in Paragraph 12, the Association lacks knowledge or information sufficient to form a belief about the truth of said allegations.

13.     The Association lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 13.

14.     The Association lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 14.

15.     The Association lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 15.

16.     The Association lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 16.

17.     31 C.F.R. § 589.201 speaks for itself. As for all other allegations contained in Paragraph 17, the Association lacks knowledge or information sufficient to form a belief about the truth of said allegations.

18.     31 C.F.R. § 589.303 note 1 and § 589.411 speak for themselves. As for all other allegations contained in Paragraph 18, the Association lacks knowledge or information sufficient to form a belief about the truth of said allegations.

19.     The Association lacks knowledge or information sufficient to form a belief about

the truth of the allegations contained in Paragraph 19.

20.     The IEEPA and 50 U.S.C. § 1705(a) speak for themselves. As for all other allegations in Paragraph 20, the Association lacks knowledge or information sufficient to form a belief about the truth of said allegations.

21.     Executive Order No. 14024 speaks for itself. As to all other allegations contained in Paragraph 21, the Association lacks knowledge or information sufficient to form a belief about the truth of said allegations.

**B.    <u>Voronchenko and Vekselberg, and Vekselberg's Designations as an SDN</u>**

22.     The Association lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 22.

23.     The Association lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 23.

24.     The Association lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 24.

25.     The Association lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 25.

**C.    <u>Voronchenko and Others Help Vekselberg-Owned Shell Companies Purchase the Defendants-*in-rem*</u>**

26.     The Association lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 26.

27.     The Association lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 27.

28.     The Association lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 28.

**HABER LAW, P.A.**

29.     The Association lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 29.

30.     Admitted only that Medallion, Inc. holds title to the property at 7183 Fisher Island Drive, Miami Beach, FL 33109. As to all other allegations, the Association lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 30.

31.     The Association lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 31.

32.     The Association lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 32.

33.     The Association lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 33.

34.     The Association lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 34.

**D.     Voronochenko and Others Engage in U.S. Dollar Transactions Using Shell Companies to Maintain the Properties After Vekselberg's Designation as an SDN**

35.     The Association lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 35.

36.     The Association lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 36.

37.     The Association lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 37.

38.     The Association lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 38.

**HABER LAW, P.A.**

39.     The Association lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 39.

40.     The Association lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 40.

41.     The Association lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 41.

**E.**   **Voronchenk's and Other's Attempted Sales of the Southampton House and the Park Avenue Apartments in Violation of U.S. Sanctions**

42.     The Association lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 42.

43.     The Association lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 43.

**F.**   **Voronchenko's Flight After Receiving a Grand Jury Subpoena**

44.     The Association lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 44.

45.     The Association lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 45.

46.     The Association lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 46.

47.     The Association lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 47.

48.     The Association lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 48.

**G.   Voronchenko's Indictment**

49.     The Association lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 49.

50.     In response to Paragraph 50, the Association states that it lacks knowledge or information sufficient to form a belief about whether the Defendants-*in-rem* are subject to forfeiture. The Association states that if Defendant-*in-rem* Unit 7182/7183 of Palazzo Del Mare at Fisher Island is forfeited and sold, the Association is entitled to receive proceeds from the sale to satisfy its lien for unpaid assessments and charges related thereto levied pursuant to the Association's recorded Declaration and the Florida Condominium Act. The Association's entitlement and claim to any such sale proceeds is superior to Plaintiff and all other Defendants, any other parties to this action, or any other unknown parties, by virtue of the Association's lien pursuant to the Association's Declaration and the Florida Condominium Act.

### IV.   CLAIMS FOR FORFEITURE
#### Claim One

**Forfeiture Under 18 U.S.C. § 981(a)(1)(C)**
**(Proceeds Traceable to IEEPA Conspiracy)**

51.     The Association reincorporates its responses to Paragraphs 1-50, above, as if fully set forth herein.

52.     Title 18, United States Code, Section 981(a)(1)(C) speaks for itself. As to all other allegations contained in Paragraph 52, the Association lacks knowledge or information sufficient to form a belief about the truth of said allegations.

53.     Title 18, United States Code, Section 1956(c)(7) speaks for itself. As to all other allegations contained in Paragraph 53, the Association lacks knowledge or information sufficient to form a belief about the truth of said allegations.

54.     In response to Paragraph 54, the Association states that it lacks knowledge or information sufficient to form a belief about whether the Defendants-*in-rem* are subject to forfeiture. The Association states that if Defendant-*in-rem* Unit 7182/7183 of Palazzo Del Mare at Fisher Island is forfeited and sold, the Association is entitled to receive proceeds from the sale to satisfy its lien for unpaid assessments and charges related thereto levied pursuant to the Association's recorded Declaration and the Florida Condominium Act. The Association's entitlement and claim to any such sale proceeds is superior to Plaintiff and all other Defendants, any other parties to this action, or any other unknown parties, by virtue of the Association's lien pursuant to the Association's Declaration and the Florida Condominium Act.

## **Claim Two**

### **Forfeiture Under 18 U.S.C. § 981(a)(1)(C)**
### **(Proceeds Traceable to Violations of IEEPA)**

55.     The Association reincorporates its responses to Paragraphs 1-50 above, as if fully set forth herein.

56.     Title 18, United States Code, Section 981(a)(1)(C) speaks for itself. As to all other allegations contained in Paragraph 56, the Association lacks knowledge or information sufficient to form a belief about the truth of said allegations.

57.     Title 18, United States Code, Section 1956(c)(7) speaks for itself. As to all other allegations contained in Paragraph 57, the Association lacks knowledge or information sufficient to form a belief about the truth of said allegations.

58.     In response to Paragraph 58, the Association states that it lacks knowledge or information sufficient to form a belief about whether the Defendants-*in-rem* are subject to forfeiture. The Association states that if Defendant-*in-rem* Unit 7182/7183 of Palazzo Del Mare at Fisher Island is forfeited and sold, the Association is entitled to receive proceeds from the sale

to satisfy its lien for unpaid assessments and charges related thereto levied pursuant to the Association's recorded Declaration and the Florida Condominium Act. The Association's entitlement and claim to any such sale proceeds is superior to Plaintiff and all other Defendants, any other parties to this action, or any other unknown parties, by virtue of the Association's lien pursuant to the Association's Declaration and the Florida Condominium Act.

### Claim Three

**Forfeiture Under 18 U.S.C. § 981(a)(1)(A)**
**(Property Involved in International Money Laundering)**

59.     The Association reincorporates its responses to Paragraphs 1-50, above, as if fully set forth herein.

60.     Title 18, United States Code, Section 981(a)(1)(A) speaks for itself. As to all other allegations contained in Paragraph 60, the Association lacks knowledge or information sufficient to form a belief about the truth of said allegations.

61.     Title 18, United States Code, Section 1956(a)(2)(A) speaks for itself. As to all other allegations contained in Paragraph 61, the Association lacks knowledge or information sufficient to form a belief about the truth of said allegations.

62.     Title 18, United States Code, Section 1956(c)(7) speaks for itself. As to all other allegations contained in Paragraph 62, the Association lacks knowledge or information sufficient to form a belief about the truth of said allegations.

63.     In response to Paragraph 63, the Association states that it lacks knowledge or information sufficient to form a belief about whether the Defendants-*in-rem* are subject to forfeiture. The Association states that if Defendant-*in-rem* Unit 7182/7183 of Palazzo Del Mare at Fisher Island is forfeited and sold, the Association is entitled to receive proceeds from the sale to satisfy its lien for unpaid assessments and charges related thereto levied pursuant to the

Association's recorded Declaration and the Florida Condominium Act. The Association's entitlement and claim to any such sale proceeds is superior to Plaintiff and all other Defendants, any other parties to this action, or any other unknown parties, by virtue of the Association's lien pursuant to the Association's Declaration and the Florida Condominium Act.

### Claim Four

**Forfeiture Under 18 U.S.C. § 981(a)(1)(A)**
**(Property Involved in International Money Laundering)**

64.     The Association reincorporates its responses to Paragraphs 1-50, above, as if fully set forth herein.

65.     Title 18, United States Code, Section 981(a)(1)(A) speaks for itself. As to all other allegations contained in Paragraph 65, the Association lacks knowledge or information sufficient to form a belief about the truth of said allegations.

66.     Title 18, United States Code, Section 1956(h) speaks for itself. As to all other allegations contained in Paragraph 66, the Association lacks knowledge or information sufficient to form a belief about the truth of said allegations.

67.     Title 18, United States Code, Section 1956(c)(7) speaks for itself. As to all other allegations contained in Paragraph 67, the Association lacks knowledge or information sufficient to form a belief about the truth of said allegations.

68.     In response to Paragraph 68, the Association states that it lacks knowledge or information sufficient to form a belief about whether the Defendants-*in-rem* are subject to forfeiture. The Association states that if Defendant-*in-rem* Unit 7182/7183 of Palazzo Del Mare at Fisher Island is forfeited and sold, the Association is entitled to receive proceeds from the sale to satisfy its lien for unpaid assessments and charges related thereto levied pursuant to the Association's recorded Declaration and the Florida Condominium Act. The Association's

entitlement and claim to any such sale proceeds is superior to Plaintiff and all other Defendants, any other parties to this action, or any other unknown parties, by virtue of the Association's lien pursuant to the Association's Declaration and the Florida Condominium Act.

### AFFIRMATIVE DEFENSES

1.  As its First Affirmative Defense, the Association states that if Defendant-*in-rem* Unit 7182/7183 of Palazzo Del Mare at Fisher Island is forfeited and sold, the Association, as set forth in its Verified Claim (D.E. 24) which is incorporated herein by reference, is entitled to receive proceeds from the sale to satisfy its lien for unpaid assessments and charges related thereto levied pursuant to the Association's recorded Declaration and the Florida Condominium Act. The Association's entitlement and claim to any such sale proceeds is superior to Plaintiff and all other Defendants, any other parties to this action, or any other unknown parties, by virtue of the Association's lien pursuant to the Association's Declaration and the Florida Condominium Act.

Respectfully submitted this 11th day of May, 2023.

**HABER LAW, P.A.**
251 NW 23rd Street
Miami, FL 33127
Telephone: 305.379.2400
Facsimile: 305.379.1106
E-mail: service@haber.law

By: */s/ Rebecca Casamayor*
        **REBECCA N. CASAMAYOR, ESQ.**
        Fla. Bar No. 99070
        (Admitted *Pro Hac Vice*)
        rcasamayor@haber.law
        jfelipe@haber.law

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on May 11, 2023, the foregoing document was electronically filed with the Clerk of Court for the United States District Court for the Southern District of New York using the CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.

By:  */s/ Rebecca Casamayor*
REBECCA CASAMAYOR, ESQ.
Fla. Bar No. 99070
(Admitted *Pro Hac Vice*)