

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

August 11, 2023

**BY ECF**

The Honorable Jessica G.L. Clarke
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

> Re:   *United States v. All That Lot or Parcel of Land Located at 19 Duck Pond Lane, et al.*, 23 CV 1545 (JGLC)

Dear Judge Clarke:

The parties in the above-referenced matter respectfully submit this letter in response to the Court's order of July 28, 2023 (the "Order"), directing the parties to file a joint letter updating the Court on the status of the case. The parties respond below in numbered paragraphs corresponding to those set forth in the Order.

    1.   Names of Counsel

| | |
|---|---|
| United States[1] | AUSA Jessica Greenwood and AUSA Sheb Swett |
| Medallion Inc. | John D. Cline |
| Voxi Management Corp. | John D. Cline |
| Palazzo Del Mare at Fisher Island Condominium No. One Association, Inc. | Rebecca Newman Casamayor |
| Palazzo Del Sol/Della Luna at Fisher Island Condominium | Samuel Levine |
| Sunshine State Certificates VIII | Robert W. Keyser |

Contact information for the above-listed counsel is correct as listed on the docket.

    2.   Statement of the Case

This case is a civil forfeiture action *in rem* brought by the United States pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (a)(1)(C) seeking forfeiture of five pieces of real property--two located

---

[1] Joshua A. Naftalis is listed on the docket as an attorney of record for the United States but has left the U.S. Attorney's Office and will not be appearing in this action.

in Manhattan, New York, one located in Southampton, New York, and two located on Fisher Island in Miami, Florida (collectively, the "Defendants-*in-rem*")--as properties that were beneficially owned by Viktor Vekselberg, a Russian oligarch sanctioned in 2018 and again in 2022 by the Treasury Department's Office of Foreign Assets Control ("OFAC") pursuant to the International Emergency Economic Powers Act ("IEEPA"). The United States alleges that the Defendants-*in-rem* are subject to forfeiture as properties involved in (i) a scheme to violate IEEPA through transactions designed to maintain and retain the Defendants-*in-rem* for the benefit of Mr. Vekselberg and to attempt the illegal transfer of ownership of the properties after Mr. Vekselberg was sanctioned, and (ii) a scheme to commit international money laundering to promote the IEEPA violations. The Government has charged two individuals for their involvement in the alleged conduct. *See United States v. Voronchenko et al.*, 23 Cr. 73 (MKV).

Claimant Medallion Inc. ("Medallion") is the titled owner of four of the Defendants-*in-rem*—the New York properties and one of the Fisher Island properties. Medallion was organized in 2005 in the Republic of Panama where it is still registered as a current company. Voxi Management Inc. ("Voxi") in the titled owner of the fifth Defendant-*in-rem*—the second Fisher Island property. Voxi was originally organized in 2014 in the British Virgin Islands ("BVI"), was redomiciled from BVI to Panama in 2019, and was discontinued in the BVI in 2021. Both Medallion and Voxi are shell companies established for the sole purpose of holding real properties.

Medallion and Voxi principally contend that the United States cannot establish a factual or legal basis for forfeiting any of the properties under the applicable forfeiture statutes.

Medallion and Voxi are the only claimants contesting forfeiture of the Defendants-*in-rem*. The remaining claimants have filed claims to assert their respective financial interests in the Defendants-*in-rem* resulting from overdue condominium association dues and tax certificates, as further set forth below.

Claimant Palazzo Del Mare at Fisher Island Condominium No. One Association, Inc. ("PDM") is the condominium association governing the building where 7183 Fisher Island Drive ("Unit 7183") is located. PDM filed its Verified Claim in this matter (Dkt. No. 24) in the amount of $109,438.34 for unpaid regular periodic assessments, special assessments, interest at the rate of fifteen percent (15%) per annum, and late fees due through April 14, 2023. Since that date, additional quarterly assessments and charges related thereto continue to accrue on Unit 7183. PDM has both a statutory and contractual lien against the Unit to secure the payment of such assessments and related charges, pursuant to Fla. Stat. 718.116 and PDM's recorded governing documents and covenants, including its Declaration of Condominium ("Declaration"). Medallion's rights in the Unit are junior, inferior, and subordinate to the rights, claim, interest, and lien of PDM pursuant to the Declaration and Florida law. In addition, as further outlined in PDM's claim, Medallion has failed to comply with the Material Amendment Agreement it executed with PDM in 2019 to resolve a pending violation attached to the Unit, including by failing to pay: (1) the remaining purchase price for enclosed limited common element space captured by Medallion in the amount of $8,435.67; and (2) unresolved invoices for attorney's fees and costs incurred from November 2021 forward in relation to same.

Claimant Palazzo Del Sol/Della Luna at Fisher Island Condominium Association ("PDS") is the condominium association governing the building where 7002 Fisher Island Drive #PH2 ("PH2") is located. On April 12, 2023, PDS filed its Claim in this matter (ECF No. 18) in the amount of $302,052.26 representing unpaid assessments, special assessments, interest at the rate of 18% per annum, and late fees, plus the costs of collection, court costs, reasonable attorneys' fees, and such other additional regular and special assessments which have or will accrue subsequent to the filing of the Claim. Since that date, additional assessments and charges continue to accrue on PH2. PDS has both a statutory and contractual lien against Voxi Management Corp. ("Voxi") to secure payments of assessments and related charges pursuant to Chapter 718, Florida Statutes and the recorded Declaration of Condominium of Palazzo Del Sol/Della Luna at Fisher Island, a Condominium ("Declaration"), which Claim of Lien has been duly recorded in the Official Records of Miami-Dade County, Florida. Voxi's rights in PH2 are junior, inferior, and subordinate to the rights, claim, interest, and lien of PDS pursuant to the Declaration and Chapter 718, Florida Statutes.

Claimant and Party of Interest Sunshine State Certificates VIII, LLLP is the holder of Tax sale Certificate 2020-9601, issued by Miami Dade County on June 1, (the "Certificate"). The Certificate is a first priority lien and encumbers property known as Condominium Unit 7002 PH2 of Palazzo Del Sol, located at 7002 Fisher Island Drive, Miami Beach, Florida.  The fee owner of this property is Voxi Management Corp. The redemption amount due on the Certificate is $1,489,472.11 as of April 1, 2023.   Interest continues to accrue at the statutory rate of 1.5% per month.

### 3.   Jurisdiction and Venue

As a civil forfeiture action brought by the United States, this Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355.  Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1395 because two of the Defendants-*in-rem* are located in this district and further pursuant to 28 U.S.C. §1355(b)(1)(A) because some of the acts and omissions subjecting the Defendants-*in-rem* to forfeiture occurred in this district.  Claimants' respective places of registration are set forth in paragraph 2, *supra.*

### 4.   Government's Service by Publication

Immediately after filing its Verified Complaint for Forfeiture (the "Complaint"), the United States, pursuant to 18 U.S.C.§985, posted a notice of the Complaint on each of the Defendants-*in-rem* and served notice on titled owners Voxi and Medallion together with a copy of the Complaint. The United States then caused a *lis pendens* to be recorded in each county where the Defendants-*in-rem* are located, while OFAC issued blocking notifications for each property. Lastly, the United States published on forfeiture.gov, pursuant to Supplemental Rule G(4), notice of the Government's intent to forfeit the Defendants-*in-rem*, and proof of such publication was filed with the Clerk of the Court on August 7, 2023 (Dkt. No. 36).

### 5.   Existing Deadlines

No deadlines, due dates or cut off dates are currently pending.

6. Previously Scheduled Conference Dates

No conferences have been scheduled with the Court.

7. Outstanding Motions

No motions have been filed or are outstanding.

8. Pending Appeals

No appeals are pending.

9. Detailed Statement of Discovery

On April 24, 2023, pursuant to Supplemental Rule G(6,) the United States served twenty-three Special Interrogatories on Medallion and eighteen Special Interrogatories on Voxi for the purpose of determining whether those entities had standing to contest forfeiture of the Defendants-*in-rem*. Voxi and Medallion provided their responses to the United States on May 30, 2023 (together, the "Responses"). Based on the Responses, the United States believes there may be a factual and legal basis to move to dismiss the claims of Voxi and Medallion pursuant to the fugitive disentitlement doctrine under 28 U.S.C. §2466, as discussed in section 13 below.

On August 3, 2023, counsel for all of the parties conferred by telephone conference call to discuss the joint response to the Order and the possibility of additional discovery. The United States proposed initial, limited discovery on the narrow issue of fugitive disentitlement, followed by merits discovery if necessary. Counsel for Medallion and Voxi raised issues relating to OFAC licensing and the expenditure of funds on behalf of the entities, discussed in more detail in section 13 below.

10. Prior Settlement Discussions

There have been no settlement discussions among the parties except that the United States has expressed to the non-Voxi/Medallion claimants the possibility of entering into stipulations recognizing their respective interests in unpaid dues, fees and taxes at the appropriate time.

11. Alternate Dispute Resolution

The parties have not discussed the use of alternate dispute resolution mechanisms, nor do the parties believe that a settlement conference before a Magistrate Judge, participation in the District's Mediation Program or retention of a privately retained mediator would be appropriate.

12. Length of Trial

The parties expect a trial would last no more than two weeks.

13. <u>Additional Information / Dispositive or Novel Issues</u>

As noted previously, the United States believes Voxi and Medallion may be barred from pursuing their claims based on the fugitive disentitlement doctrine under 28 U.S.C. § 2466.  The Responses state that the ultimate beneficial owner of both Voxi and Medallion is the Transoceanic Trust (the "Trust") and further state that Vladimir Voronchenko is a beneficiary of the Trust.  Mr. Voronchenko has been indicted in this district on charges related to this action but, as alleged in the Indictment in that case, he fled to Russia upon learning of the Government's investigation. Medallion and Voxi will oppose any fugitive disentitlement motion the United States files.

On March 12, 2023, undersigned counsel for Medallion and Voxi applied to OFAC for a license to receive payment for representing the two entities and to be reimbursed for expenses incurred in the course of the representation.  As of August 10, almost five months later, OFAC has not acted on the application.  As a result of OFAC's inaction, counsel has not been, and cannot be, paid for his work on behalf of the entities.  Of greater immediate concern, counsel for Medallion and Voxi considers it possible that, absent the requested OFAC license, any expense he pays on behalf of the entities—for example, payment of the cost of travel to a court hearing or to a discovery deposition or the cost of copying discovery materials—could be viewed as a transaction on behalf of a blocked person or entity and potentially treated as a criminal offense.  In counsel's view, therefore, while he can represent the entities under the general license provided in 31 C.F.R. 589.506(a), he cannot advance expenses on behalf of the entities, including (for example) travel expenses, copying expenses, etc., without the specific license for which he has applied.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

by: <u>/s/</u>
    Jessica Greenwood
    Sheb Swett
    Assistant United States Attorneys
    (212) 637-1090/6533

MEDALLION INC.

by: <u>/s/</u>
    John D. Cline, Esq.

VOXI MANAGEMENT CORP.

by: <u>/s/</u>
    John D. Cline, Esq.

PALAZZO DEL MARE AT FISHER ISLAND
CONDOMINIUM NO. ONE ASSOCIATION,
INC.

by: */s/*_____
    Rebecca Newman Casamayor, Esq.


PALAZZO DEL SOL/DELLA LUNA AT FISHER
ISLAND CONDOMINIUM


by: */s/*_____
    Samuel Levine, Esq.


SUNSHINE STATE CERTIFICATES VIII


by: */s/*_____
    Robert W. Keyser, Esq.