

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 27, 2023

**BY ECF**

The Honorable Jessica G.L. Clarke
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

      Re:   *United States v. All That Lot or Parcel of Land Located at 19 Duck Pond Lane, et al.*, 23 CV 1545 (JGLC)

Dear Judge Clarke:

      The parties in the above-referenced matter respectfully submit this letter in response to the Court's order of September 15, 2023 (the "Order") (D.E. 42), directing the parties to file a joint status letter addressing potential sale of any of the real-property Defendants-*in-rem*.

      On September 25, 2023, counsel for the parties[1] conferred by conference call. Titled property owners Medallion Inc. ("Medallion") and Voxi Management Corp. ("Voxi") are not, at this time, prepared to consent to the sale of any of the Defendants-*in-rem*, and the United States is not prepared to move the Court for an interlocutory sale order.

      It is the position of Palazzo Del Sol/Della Luna Condominium Association ("Association") and Sunshine State Certificates VIII, LLLP ("Sunshine") that Defendant-*in-rem* Unit 7002, PH-2 of Palazzo Del Sol/Della Luna at Fisher Island (the "Unit") should be sold by interlocutory sale pursuant to Supplemental Rule G(7)(b) and the proceeds distributed to satisfy the Association's Claim of Lien, as well as Sunshine's Tax Certificate No. 2020-9601, with the remainder to be placed in an interest-bearing account maintained by the United States pending the conclusion of this forfeiture action. Claimant Voxi is the record title holder of the Unit, and the Unit has been and remains unoccupied. It is the Government's position that the Unit was purchased

---

[1] The parties were represented on the call as follows: United States by AUSA Sheb Swett; Medallion Inc. and Voxi Management Corp. by John D. Cline; Palazzo Del Mare at Fisher Island Condominium No. One Association, Inc. by Rebecca Newman Casamayor; Palazzo Del Sol/Della Luna at Fisher Island Condominium by Samuel Levine; and Sunshine State Certificates VIII by Robert Keyser.

by Voxi for the benefit of Mr. Vekselberg. As such the Unit is currently blocked by OFAC, and therefore a license from OFAC would need to be issued to allow a sale.

Pursuant to the Supplemental Rule G(7)(b), the Court may, upon a motion by a party or on its own, order the sale of all or part of a property subject to forfeiture and not in actual possession of the Government upon a showing that the expense of keeping the property is excessive or is disproportionate to its fair market value; the property is subject to a mortgage or to taxes on which the owner is in default; or the court finds other good cause. *See* Rule G(7)(b)(i)(B)-(D).

It is the Association's position that good cause exists under Rule G(7)(b)(i)(D) for the Court to order the interlocutory sale of the Unit as assessments continue to be levied on the Unit, interest continues to accrue on the Association's Claim of Lien and the other unit owners within the Association are being harmed as they must bear the financial burden caused by Voxi's failure and/or refusal to pay its share of the Association's costs.

As stated in the Association's Claim (ECF No. 18), the Association has caused a Claim of Lien to be recorded in Official Records Book 33467 at Page 2389 of the Public Records of Miami-Dade County in the amount of $302,052.26, representing unpaid assessments, special assessments, interest and late fees, plus the cost of collection, which accrues interest in the amount of 18% per annum and accrues such other additional regular and special assessments levied by the Association. As interest and assessments continue to accrue on the Unit, the amount the United States could recover in this action continues to be reduced. Furthermore, the sale of the Unit would prevent continuing injury and damage to the other unit owners of the Association, as they must pay for the shortfall in assessments caused by Voxi's failure and/or refusal to pay such assessments.

Accordingly, it is the Association's position that good cause exists to order the sale of the Unit in order to protect the equity of the Unit and preserve the amount the United States can recover in the event it succeeds in this action, and to prevent further harm and damages to all other unit owners of the Association. The above stated reasons are especially significant as this action is not yet scheduled for trial and the Court has granted an extended discovery period, with fact discovery slated to close on April 23, 2024 (ECF No. 42). As such, the Association's Claim of Lien will accrue more than one year's worth of interest, attorneys' fees and other periodic or special assessments levied by the Association from the inception of this action through trial.

Therefore, it is the Association's position that good cause exists to order an interlocutory sale of the Unit, wherein the damages to other unit owners of the Association shall cease, and where the proceeds will be distributed to satisfy the Association's Claim of Lien, as well as Sunshine's Tax Certificate, with the remainder to be placed in an interest-bearing account maintained by the United States pending the conclusion of this forfeiture action.

It is Sunshine's position that the Unit should be sold pursuant to Rule G(7)(b)(i)(C). By virtue of Tax Certificate 2020-9601 issued by Miami-Dade County on June 1, 2020 to Sunshine, it is undisputable that Voxi is delinquent on its property taxes through 2021. According to the Claim of Sunshine (ECF No. 29), the redemption amount due on the Certificate is $1,489,472.11 as of April 1, 2023, with interest continuing to accrue at the statutory rate of 1.5% per month,

which amounts to $18,933.97 per month. *See* Exhibit A to Claim of Sunshine (ECF No. 29-1). Furthermore, the Certificate only covers taxes through 2021, and it is almost certain that unpaid taxes for 2022 and 2023 will continue to accrue on the Unit and become delinquent, further reducing the equity and the amount the United States can recover in this action.

In *U.S. v. All Right, Title and Interest in Property, Appurtenances, and Improvements Known as 479 Tamarind Drive, Hallendale, Florida,* No. 98-CIV-2279, 2012 WL 3886698 (S.D. N.Y. 2012), the Honorable District Judge Denis Cote permitted the interlocutory sale of a defendant-*in-rem* pursuant to Rule G(7)(b)(i)(C) upon the finding that a tax certificate was issued and that there was a real risk the property would be encumbered and its value diminished, which would have a direct impact on the value the government can recover through the forfeiture action. *Id.* at *2. In *United States v. Defendant No. 1,* 16-1116-JWB-KGG, 2019 WL 1255278 (D. Kansas Mar. 19, 2019), the Court ordered the interlocutory sale of property subject to forfeiture due to outstanding property taxes and specifically held that Rule G(7)(b)(i)(C) "does not require a finding that foreclosure is imminent," further finding a sale was appropriate where the taxes had been outstanding for more than three years and fees and interest continue to accrue. *Id.* at *2. As Sunshine's Tax Certificate was issued June 1, 2020 (ECF No. 29-1), the taxes have been outstanding for more than three years and fees, interest and additional taxes continue to accrue on the Unit.

Accordingly, it is the position of the Association and Sunshine that the Unit should be sold as soon as possible, pending the issuance of a license from OFAC, based on the foregoing, and that the proceeds from the sale be distributed to the Association and Sunshine to satisfy the Association's Claim of Lien and Sunshine's Tax Certificate, with the remainder being placed in an interest-bearing account maintained by the United States pending the conclusion of this action.

Claimant Voxi Management Corp. opposes interlocutory sale of the Unit and will respond to any motion to compel a sale if and when such a motion is filed.

    Respectfully submitted,

    DAMIAN WILLIAMS
    United States Attorney

by: */s/*_____
    Jessica Greenwood
    Sheb Swett
    Assistant United States Attorneys
    (212) 637-1090/6533

    MEDALLION INC.

by: */s/*_____
    John D. Cline, Esq.

VOXI MANAGEMENT CORP.

by: /s/ _____
    John D. Cline, Esq.

PALAZZO DEL MARE AT FISHER ISLAND CONDOMINIUM NO. ONE ASSOCIATION, INC.

by: /s/ _____
    Rebecca Newman Casamayor, Esq.

PALAZZO DEL SOL/DELLA LUNA AT FISHER ISLAND CONDOMINIUM

by: /s/ _____
    Samuel Levine, Esq.

SUNSHINE STATE CERTIFICATES VIII

by: /s/ _____
    Robert W. Keyser, Esq.