UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CASE NO. 23-cv-01545-RA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ALL THAT LOT OR PARCEL OF LAND
LOCATED AT 19 DUCK POND LANE,
SOUTHHAMPTON, NEW YORK 11968,
TOGETHER WITH ITS BUILDINGS,
APPURTENANCES, IMPROVEMENTS,
FIXTURES, ATTACHMENTS, AND
EASEMENTS, et al.,

    Defendants-*in-rem*.
_____/

**MOTION FOR INTERLOCUTORY SALE
AND INCORPORATED MEMORANDUM OF LAW**

Claimant, PALAZZO DEL SOL/DELLA LUNA AT FISHER ISLAND CONDOMINIUM ASSOCIATION, INC. (hereinafter "Association"), by and through its undersigned counsel, and pursuant to Supplement Rule G(7) of the Federal Rules of Civil Procedure, hereby moves for the interlocutory sale of Defendant-*in-rem* Unit 7002 PH-2 Palazzo Del Sol/Della Luna at Fisher Island, and in support thereof states:

    I.    **BACKGROUND**

On February 24, 2023, the United States of America (hereinafter "U.S." or "Government") instituted the instant action for forfeiture pursuant to Title 18, United States Code, Sections 981(a)(1)(A) and 981(a)(1)(C) (ECF No. 1 at ¶3), against, among others, Defendant-*in-rem* Unit 7002 PH-2 Palazzo Del Sol/ Della Luna at Fisher Island, a Condominium (hereinafter the "Unit"). The U.S. is seeking forfeiture of the Unit on the grounds that the Unit

1

was purchased through a shell company, Claimant Voxi Management, Corp. (hereinafter "Voxi"), for the benefit of Viktor Vekselberg (hereinafter "Vekselberg"), a Russian oligarch who is a sanctioned individual under the U.S. Department of Treasury Office of Foreign Assets Control ("OFAC"). Voxi has denied these allegations and has further denied that Vekselberg is the beneficial owner of Voxi. *See generally* Answer of Voxi Management Corp. (ECF No. 21). Voxi has further represented that it has no parent corporation and no publicly held corporation owns 10% or more of its stock. *See* Fed. R. Civ. P. 7.1 Disclosure of Voxi Management Corp. (ECF No. 12).

The Association is now aware of a Third-Party Blocking Notification from OFAC, stating that OFAC "has reason to believe that Vekselberg owns or has an interest" in the Unit, and as a result of OFAC's designation of Vekselberg as a Specially Designated National and Blocked Person ("SDN"), the Unit is blocked. However, as of the date of this Motion and at all other times material hereto, the record title owner of the Unit is and has been Voxi, and neither Voxi nor the Unit are listed on OFAC's Sanction Database[1]. The Association has applied for a license to sell the Unit from OFAC and is waiting for the issuance of same.

II.   **CLAIMS ON THE UNIT**

   A.   **CLAIM OF ASSOCIATION**

On April 12, 2023, the Association filed its Claim (ECF No. 18), informing the Court of the following:

1.   Voxi is the record title owner of the Unit, and by virtue of such ownership, Voxi is a member of the Association and holds title to the Unit subject to all the terms and provisions of the Declaration of Condominium of Palazzo Del Sol/Della Luna at Fisher Island, a

---

[1] OFAC's Sanction Database can be found at https://sanctionssearch.ofac.treas.gov/ and was accessed on October 25, 2023 to confirm that neither Voxi nor the Unit are listed entities.

2

Condominium ("Declaration"), recorded in Official Records Book 28897, Page 447 of the Public Records of Miami-Dade County, Florida as thereafter amended.

2.  The Association has, pursuant to the Declaration, made assessments against the Unit and Voxi has failed and/or refused to pay these assessments. Therefore, pursuant to the Declaration and Florida law, on December 9, 2022, the Association caused a Claim of Lien to be recorded in Official Records Book 33467, Page 2389 of the Public Records of Miami-Dade County Florida, in the amount of **$302,052.26,** representing the then unpaid assessments, special assessments, interest and late fees, plus the cost of collection and attorneys' fees at the time of recording, and which sums continue to accrue such other additional regular and special assessments levied by the Association, as well as attorneys' fees, costs, late fees and interest at a rate of 18% per annum.

B.  **CLAIM OF SUNSHINE STATE CERTIFICATES VIII, LLLP**

On April 26, 2023, Claimant Sunshine State Certificates VIII, LLLP (hereinafter "Sunshine") filed its Claim (ECF No. 29), informing the Court of the following:

1.  On June 1, 2020, Miami-Dade County issued Tax Certificate 2020-9601 for delinquent property taxes through 2021 on the Unit in the amount of **$1,489,472.11** as of April 1, 2023.

2.  Said amount continues to accrue interest at the statutory rate of 1.5% per month, which amounts to **$18,933.97** per month. *See* Exhibit A to Claim of Sunshine (ECF No. 29-1).

III.  **LEGAL STANDARD FOR INTERLOCUTORY SALE**

Rule G of the Supplemental Rules to the Federal Rules of Civil Procedure "governs a forfeiture action in rem arising from a federal statute" and therefore governs this action. *See* Supp. R. G(1). Pursuant to Supplemental Rule G(7), when "the government does not have actual

possession of the defendant property the court, on motion or on its own, may enter any order necessary to preserve the property, to prevent its removal or encumbrance or to prevent its use in a criminal offense." Supp. R. G(7)(a).

Specifically, the Court may order all or part of the property sold if:

    (A)    the property is perishable or at risk of deterioration, decay, or injury by being detained in custody pending the action;

    (B)    the expense of keeping the property is excessive or is disproportionate to its fair market value;

    (C)    the property is subject to a mortgage or to taxes on which the owner is in default; or

    (D)    the court finds other good cause.

Supp. R. G(7)(b)(i)(A)-(D).

Courts are entitled to "considerable discretion" in choosing the "factors to consider, and what weight to give them" when deciding a motion for interlocutory sale under Supp. R. G(7). *See United States v. Approximately 81,454 Cans of Baby Formula,* 560 F. 3d 638, 641 (7th Cir. 2009). For the reasons set forth below, this Court should order the interlocutory sale of the Unit, as it is undisputed that Voxi is in default on the property taxes, the Unit is at risk of deterioration, decay or injury, and other good cause exists; such as the value of the property being continually diminished due to the accruing interest, taxes, costs, fees and assessments and the continuing harm inflicted on all other members of the Association who have to pay the shortfall in assessments.

    IV.    **ARGUMENT**

        A.  **VOXI IS IN DEFAULT OF ITS PROPERTY TAXES**

By virtue of Tax Certificate 2020-9601 issued by Miami-Dade County on June 1, 2020 to Sunshine, it is undisputable that Voxi is in default on its property taxes. *See* Fla. Stat. §

4

197.432(1)("the tax collector shall commence the sale of tax certificates on the real property on which taxes have not been paid."). According to the Claim of Sunshine (ECF No. 29), the redemption amount due on the Certificate is **$1,489,472.11** as of April 1, 2023, with interest continuing to accrue at the statutory rate of 1.5% per month, which amounts to **$18,933.97** per month. *See* Exhibit A to Claim of Sunshine (ECF No. 29-1). Furthermore, the Certificate only covers unpaid taxes up through 2021, and as of the date of this Motion, Voxi is delinquent on its 2022 taxes, and it is almost certain that Voxi will become delinquent on its 2023 taxes, further reducing the equity of the Unit and the amount the U.S. can recover if it is successful in this action.

In *U.S. v. All Right, Title and Interest in Property, Appurtenances, and Improvements Known as 479 Tamarind Drive, Hallendale, Florida,* No. 98-CIV-2279, 2012 WL 3886698 (S.D.N.Y. 2012), the district court ordered the interlocutory sale of a defendant-*in-rem* pursuant to Rule G(7)(b)(i)(C) upon the finding that a tax certificate was issued on the property, and noting that "under Florida law, the issuance of a Tax Certificate is the first step in the process for conducting a tax sale of the underlying property," recognized that there was a risk the property would be encumbered by a tax lien and its value diminished, which would have a direct impact on the value the government can recover through the forfeiture action. *Id.* at *2. In *United States v. Defendant No. 1,* 16-1116-JWB-KGG, 2019 WL 1255278 (D. Kansas Mar. 19, 2019), the district court ordered the interlocutory sale of property subject to forfeiture due to outstanding property taxes and specifically held that Rule G(7)(b)(i)(C) "does not require a finding that foreclosure is imminent," further finding a sale was appropriate where the taxes had been outstanding for more than three years and fees and interest continued to accrue. *Id.* at *2.

Voxi is delinquent on their property taxes on the Unit for the tax years of 2019, 2020, 2021 and 2022, and will become delinquent on their 2023 property taxes on April 1, 2024 if payment is not made. Accordingly, an interlocutory sale of the Unit is proper pursuant to Rule G(7)(b)(i)(C) as the Unit is "subject to…taxes on which the owner is in default" and as the taxes have been outstanding since 2019 and continue to accrue. *See* Supp. R. G(7)(b)(i)(C), *see also United States v. Defendant No. 1, supra.*

### B. THE UNIT IS AT RISK OF DETERIORATION, DECAY, OR INJURY

An interlocutory sale of the Unit is proper pursuant to Supp. R. G(7)(b)(i)(A) as the Unit is at risk of deterioration, decay or injury. The Unit has been vacant and unused since it was purchased by Voxi in 2017. As the Unit remains unoccupied, it is at ever increasing risk of deterioration, decay and depreciation. The Florida Condominium Act does not require absentee unit owners to have their unoccupied units periodically inspected for damage or deterioration nor does the Association's governing documents provide the Association the right to access the Unit other than when necessary to maintain the common elements or to remedy catastrophic damage that has begun to affect the common elements or other attached units.

The Unit is part of a 47-unit condominium building which is located off of the southern tip of Miami Beach, Florida, on an island accessible only by ferry. Due to its location in a tropical climate, the moisture and humidity make the Unit particularly susceptible to mold and mildew, especially if it is vacant and air and moisture remain stagnant in the Unit. Proper air conditioning is essential in Florida to prevent the growth of mold and mildew, and if left unchecked mold and mildew can cause significant damage to the Unit, common elements and possibly surrounding units. Additionally, there is a significant risk of catastrophic plumbing issues which can not only damage the Unit, but the surrounding condominium units. Should a

plumbing issue occur, such as a leak, it would be undetected by Voxi who is and has been absent from the Unit and would be undetected by the Association until such time it has grown to be significantly damaging to the Unit, the common elements, and possibly other units in the building.

In *United States v. Real Prop.& Premises Known as 90-23 201st St., Hollis, New York,* 05-CV-5240-BMC-SMG, 2010 WL 11707580 (E.D.N.Y Feb. 23, 2010), the claimant was serving time in federal penitentiary during the pendency of the forfeiture proceeding and would not be returning to his home. The district court ordered the interlocutory sale of his vacant home where it found that the "house continues to deteriorate, decay and depreciate in value, significantly impacting any potential future recovery by plaintiff." *Id.* at *2 *citing Aguilar v. United States,* No. 99-mc-304, 1999 WL 1067841 (D. Conn. Nov. 9, 1999) (granting interlocutory sale of real property over claimant's objections since the property was encumbered, abandoned and "therefore subject to vandalism, deterioration and depreciation."). The court reasoned that ordering the sale of the property would "preserve the remaining value pending resolution of this forfeiture action." *Id.*

Therefore, an interlocutory sale of the Unit is warranted as the continuing vacancy puts it at significant risk of deterioration, decay and injury.

### C. **OTHER GOOD CAUSE EXISTS**

Other good cause exists under Rule G(7)(b)(i)(D) for the Court to order the interlocutory sale of the Unit as a sale is necessary to protect the equity in the Unit, protect the amount the U.S. may recover if successful in this forfeiture action, and to prevent continuing injury and damage to all other members of the Association. First and foremost, delaying the sale of the Unit

imposes a continuing injury on all other unit owners of the Association, as they must make up for the shortfall in assessments caused by Voxi's failure and/or refusal to pay said assessments.

As stated in the Association's Claim (ECF No. 18), the Association recorded a Claim of Lien against the Unit in the amount of **$302,052.26**, representing unpaid assessments, special assessments, interest and late fees, plus the cost of collection accrued through the date of recording, and which sums continue to accrue such other additional regular and special assessments levied by the Association and interest at a rate of 18% per annum. By virtue of this Claim of Lien, Florida law and the Declaration, the Association would have the right to foreclose on the Unit absent these forfeiture proceedings, and therefore good cause exists to order the sale of the Unit. *See U.S. v. Real Property and Residence Located at 4816 Chaffey Lane,* No. 5:08-410, 2012 WL 529239 at *2 (E.D. Kentucky February 17, 2012)(finding good cause for interlocutory sale where, absent forfeiture proceedings, Bank of America would have a right to foreclose on the yacht due to owners being in default of the mortgage on the yacht).

As of the date of this Motion, the Association has continued to levy assessments on the Unit, the Association has incurred and continues to incur attorneys' fees and costs related to foreclosing its lien as well as being represented in the instant action and the Association's Claim of Lien has accrued almost one year's worth of interest on all sums due. As these additional assessments, fees, costs and interest continue to accrue on the Unit, Voxi's equity in the Unit is continually diminished, and the amount the U.S. can recover if successful in this forfeiture action is also diminished. *See* 2006 Advisory Committee Notes to Rule G Subdivision (7) ("Good cause may be shown when the property is subject to diminution in value").

The above stated reasons are especially true seeing as this action is not yet scheduled for trial, and as pursuant to the September 15, 2023 Civil Case Management Plan and Scheduling

Order (ECF. No. 42), an extended discovery period has been granted. As such, the Association's Claim of Lien will accrue significantly more interest, attorneys' fees and other assessments levied by the Association before this action is called for trial. *See U.S. v. Hailey,* Case No. 11-CR-0540-WDQ, 2011 WL 6202787 at *1 (N.D. Maryland, December 8, 2011) (finding that since the case was unlikely to go to trial for several months, the interlocutory sale of the property would preserve the value of the property for the benefit of both the defendant and the government by avoiding the risks, losses and costs that the government would otherwise incur in maintaining the property).

Therefore, good cause exists to order the sale of the Unit to preserve its value and to prevent the continued diminution of Voxi's equity in the Unit due to the continually accruing interest, taxes, fees, costs and assessments, to preserve the amount the U.S. can recover in this action by ending the continual accrual of interest, taxes, fees, costs and assessments, and to prevent the continuing harm on the other members of the Association who have to cover for the shortfall in assessments due to Voxi's failure and/or refusal to pay the assessments when due.

WHEREFORE, the Association respectfully requests that this Honorable Court enter an Order granting this Motion, setting this Unit for sale once an OFAC license is issued to the Association, with such sale being conducted by an appropriate United States agency in accordance with the procedures set forth in Supp. R. G(7)(b)(iii) and with the proceeds to be distributed to the Association to satisfy its Claim of Lien, regular and special assessments, interest, late fees and attorneys' fees and costs and to Sunshine to satisfy its Tax Certificate, and the remainder to become substitute *res* subject to forfeiture in place of the Unit and to be held in an interest-bearing account maintained by the United States pending the conclusion of this action, and for such other and further relief this Court deems just and proper.

Dated: October 26th, 2023

Respectfully submitted,

SACHS SAX CAPLAN
*Attorneys for Palazzo Del Sol/Della Luna at Fisher Island Condominium Association, Inc.*
6111 Broken Sound Parkway NW, Suite 200
Boca Raton, Florida 33487
Telephone: 561-994-4499
Facsimile: 561-994-4985
Email:  SLevine@ssclawfirm.com
            SRahilly@ssclawfirm.com

By: */s/ Samuel J. Levine*
        SAMUEL J. LEVINE, ESQ.
        Florida Bar No. 1025534
        *Admitted Pro Hac Vice*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 26th, 2023, a true and correct copy of the foregoing document was electronically filed through CM/ECF. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.

By: */s/ Samuel J. Levine*
        SAMUEL J. LEVINE, ESQ.
        Florida Bar No. 1025534
        *Admitted Pro Hac Vice*