UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CASE NO. 23-cv-01545-RA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ALL THAT LOT OR PARCEL OF LAND
LOCATED AT 19 DUCK POND LANE,
SOUTHHAMPTON, NEW YORK 11968,
TOGETHER WITH ITS BUILDINGS,
APPURTENANCES, IMPROVEMENTS,
FIXTURES, ATTACHMENTS, AND
EASEMENTS, et al.,

    Defendants-*in-rem*.
_____/

**MOTION FOR INTERLOCUTORY SALE
AND INCORPORATED MEMORANDUM OF LAW**

    Claimant, PALAZZO DEL MARE AT FISHER ISLAND CONDOMINIUM NO. ONE ASSOCIATION, INC. (hereinafter "Association"), by and through its undersigned counsel, and pursuant to Supplement Rule G(7) of the Federal Rules of Civil Procedure, hereby moves for the interlocutory sale of Defendants-*in-rem* Units 7182 and 7183 of Palazzo Del Mare, as combined into one unit and known as 7183 Fisher Island Drive, Miami Beach, Florida (hereinafter the "Unit") and in support thereof states:

    I.    **BACKGROUND**

    On February 24, 2023, the United States of America (hereinafter "U.S." or "Government") instituted the instant action for forfeiture pursuant to Title 18, United States Code, Sections 981(a)(1)(A) and 981(a)(1)(C) (ECF No. 1 at ¶3), against, among others, Defendants-*in-rem* Units 7182 and 7183 of Palazzo Del Mare, as combined into one unit and

1

known as 7183 Fisher Island Drive, Miami Beach, Florida. The U.S. is seeking forfeiture of the Unit on the grounds that the Unit was purchased through a shell company, Claimant Medallion Inc. (hereinafter "Medallion"), for the benefit of Viktor Vekselberg (hereinafter "Vekselberg"), a Russian oligarch who is a sanctioned individual under the U.S. Department of Treasury Office of Foreign Assets Control ("OFAC"). Medallion has denied these allegations and has further denied that Vekselberg is the beneficial owner of Medallion. *See generally* Answer of Medallion Inc. (ECF No. 20). Furthermore, as of the date of this Motion, the Government has not provided any evidence to establish a connection between Vekselberg and Medallion or the Unit.

The Association first learned of Vekselberg's potential interest in the Unit through receipt of a Third-Party Blocking Notification from OFAC, stating that OFAC "has reason to believe that Vekselberg owns or has an interest" in the Unit, and as a result of OFAC's designation of Vekselberg as a Specially Designated National and Blocked Person ("SDN"), the Unit is blocked. However, as of the date of this Motion and at all other times material hereto, the record title owner of the Unit is and has been Medallion, and neither Medallion nor the Unit are listed on OFAC's Sanction Database[1].

While under Florida law and the Association's Declaration of Condominium the Association has the right to place a lien on the Unit securing all amounts owed, due to the OFAC Blocking Notice, the Association was prevented from sending the appropriate notices and recording a claim of lien on the Unit prior to the commencement of the instant action. The Association has applied for a license from OFAC to send the appropriate notices to Medallion and then subsequently record a claim of lien on the Unit in the Miami-Dade County public records to secure all amounts owed to the Association.

---

[1] OFAC's Sanction Database can be found at https://sanctionssearch.ofac.treas.gov/ and was accessed on October 26, 2023 to confirm that neither Medallion nor the Unit are listed entities.

2

**II.     CLAIM OF ASSOCIATION**

On April 21, 2023, the Association filed its Verified Claim (ECF No. 24), informing the Court of the following:

1.      The Unit is part of the Association, and the Association is a not-for-profit entity responsible for the operation and maintenance of the condominium complex where the Unit is located.

2.      Pursuant to Chapter 718 Florida Statutes (the "Condominium Act") and the Association's recorded Declaration of Condominium ("Declaration") recorded on August 7, 2007 at Official Records Book 25839 Page 3116 of the public records of Miami-Dade County, Florida, as amended from time to time, Medallion, as the record title holder of the Unit, is obligated to pay both regular and special assessments levied by the Association, as well as late fees, collection costs, and reasonable attorneys' fees and costs incurred in collection efforts, which sums accrue interest at a rate of fifteen percent (15%) per annum.

3.      Beginning on or about January 1, 2023, Medallion became delinquent and in default under Florida law and the Declaration for failing to pay the assessments due and owing on the Unit to the Association. At the time of filing its Claim (April 14, 2023), Medallion owed the Association approximately **$109,438.34** in unpaid regular and periodic assessments, special assessments, accrued interest and late fees, and costs incident to collection, which sums continue to accrue interest at a rate of fifteen percent (15%) per annum. Regular and special assessments, late fees and attorneys' fees and costs incidental to collection and interest continue to accrue on the Unit during the pendency of this action.

4.      Medallion is also in violation of a Material Amendment Agreement entered into between the Association and Medallion for Medallion's unapproved enclosure of limited

3

common elements which changed the Unit's boundaries, configuration and altered the Unit's percentage share of the common elements, increasing Medallion's portion of the amounts due for assessments. As a result of this violation, Medallion further owes the Association **$8,435.67**, plus attorneys' fees and costs incurred from November 2021 for enforcement of the Agreement. Medallion's violation of this Agreement further provides the Association with the right to require removal the enclosures so that the Unit is restored to its original condition.

### III. LEGAL STANDARD FOR INTERLOCUTORY SALE

Rule G of the Supplemental Rules to the Federal Rules of Civil Procedure "governs a forfeiture action in rem arising from a federal statute" and therefore governs this action. *See* Supp. R. G(1). Pursuant to Supplemental Rule G(7), when "the government does not have actual possession of the defendant property the court, on motion or on its own, may enter any order necessary to preserve the property, to prevent its removal or encumbrance or to prevent its use in a criminal offense." Supp. R. G(7)(a).

Specifically, the Court may order all or part of the property sold if:

(A) the property is perishable or at risk of deterioration, decay, or injury by being detained in custody pending the action;

(B) the expense of keeping the property is excessive or is disproportionate to its fair market value;

(C) the property is subject to a mortgage or to taxes on which the owner is in default; or

(D) the court finds other good cause.

Supp. R. G(7)(b)(i)(A)-(D).

Courts are entitled to "considerable discretion" in choosing the "factors to consider, and what weight to give them" when deciding a motion for interlocutory sale under Supp. R. G(7). *See United States v. Approximately 81,454 Cans of Baby Formula,* 560 F. 3d 638, 641 (7th Cir.

4

2009). For the reasons set forth below, this Court should order the interlocutory sale of the Unit, as good cause exists under Supp. R. G(7)(b)(i)(D); such as the value of the property being continually diminished due to the continually accruing interest, costs, fees and assessments and the continuing harm inflicted on all other members of the Association who have to pay the shortfall in assessments.

IV. **ARGUMENT**

A. **GOOD CAUSE EXISTS TO ORDER THE INTERLOCUTORY SALE**

Good cause exists under Rule G(7)(b)(i)(D) for the Court to order the interlocutory sale of the Unit as a sale is necessary to protect the equity in the Unit, protect the amount the U.S. may recover if successful in this forfeiture action, and to prevent continuing injury and damage to all other members of the Association.

First and foremost, delaying the sale of the Unit imposes a continuing injury on all other unit owners of the Association, as they must make up for the shortfall in assessments caused by Medallion's failure and/or refusal to pay said assessments. The Unit has a 5.631% interest in the common elements of the Association, which means that Medallion is responsible for approximately **$37,116.17** in regular maintenance assessments per quarter, approximately **$21,288.57** in special assessments per quarter, along with all accruing late charges, collection costs and attorneys' fees, and for which all sums will continue to accrue interest at a rate of 15% per annum[2]. As a result, since the Association has filed its Claim (ECF No. 24), an additional **$116,809.48** in assessment charges are due from Medallion to the Association, along with the additional costs of late charges, collection costs, attorneys' fees and interest charges. As a result, Medallion currently is delinquent to the Association in the amount of **$226,247.82** exclusive of late fees, attorneys' fees and costs, and accrued interest. Should Medallion continue to maintain

---

[2] These numbers are based on the Association's budget for 2023.

ownership of the Unit, the other unit owners within the Association will become responsible for the payment of the assessments.

Additionally, the residents of the Unit are still utilizing all of the Association's amenities, such as valet, concierge, food and package delivery and water provided to the Unit which costs the Association approximately **$2,000** monthly. Without a sale of the Unit to a third-party, the Association and its members would incur significant costs and be continually harmed while this action is pending and the Unit remains in the possession of Medallion. As a result of the continued accrual of the above-described assessments and costs, good cause exists to order the interlocutory sale of the Unit, as the equity in the Unit will continually diminish as these additional assessments, fees, costs and interest become due on the Unit and therefore, the amount the U.S. can recover if successful in this forfeiture action is continually diminished.

In *U.S. v. All Right, Title and Interest in Property, Appurtenances, and Improvements Known as 479 Tamarind Drive, Hallendale, Florida,* No. 98-CIV-2279, 2012 WL 3886698 (S.D. N.Y. 2012), the district court ordered the interlocutory sale of defendant property and found that an interlocutory sale was necessary to avoid the defendant property becoming encumbered and its value diminished. Specifically, the district court reasoned that since "the Government hopes to take full title to the defendant property [under the civil forfeiture statute], any action…to encumber the property will have a direct impact on the value the Government can recover through this action." *Id.* at *2; *see also U.S. v. Real Property Located at 272 Old Montauk Highway, Montauk, N.Y., 11954,* 298 F.R.D. 43, 53 (E.D.N.Y. February 22, 2014)(finding good cause under Supplemental Rule G(7)(b)(i)(D) where the property was subject to diminution in value due to a default on a loan securing the property). If/when the Association receives a license from OFAC, the Association will encumber the Unit by recording a lien for all sums herein

6

described. Said lien, pursuant to the Declaration and Florida law, would relate back to the date of recording of the Declaration, August 7, 2007, and would therefore become superior to all other claims on the Unit.

The above stated reasons are especially true seeing as this action is not yet scheduled for trial, and as pursuant to the September 15, 2023 Civil Case Management Plan and Scheduling Order (ECF. No. 42), an extended discovery period has been granted. As such, the Unit will accrue at least one more year of additional interest, attorneys' fees and costs, and other periodic or special assessments levied by the Association before this action is called for trial. *See U.S. v. Hailey,* Case No. 11-CR-0540-WDQ, 2011 WL 6202787 at *1 (N.D. Maryland, December 8, 2011) (finding that since the case was unlikely to go to trial for several months, the interlocutory sale of the property would preserve the value of the property for the benefit of both the defendant and the government by avoiding the risks, losses and costs that the government would otherwise incur in maintaining the property).

Therefore, good cause exists to order the sale of the Unit to preserve its value and to prevent the continued diminution of Medallion's equity in the Unit due to the continually accruing interest, fees, costs and assessments, and to preserve the amount the U.S. can recover in this action by ending the continual accrual of interest, taxes, fees, costs and assessments, and to prevent the continuing harm on the other members of the Association who have to cover for the shortfall in assessments due to Medallion's failure and/or refusal to pay the assessments when due.

WHEREFORE, the Association respectfully requests that this Honorable Court enter an Order granting this Motion, setting this Unit for sale once an OFAC license is issued to the Association, with such sale being conducted by an appropriate United States agency in

accordance with the procedures set forth in Supp. R. G(7)(b)(iii) and with the proceeds to be distributed to the Association to satisfy its outstanding regular and special assessments, interest, late fees and attorneys' fees with the remainder to become substitute *res* subject to forfeiture in place of the Unit and to be held in an interest-bearing account maintained by the United States pending the conclusion of this action, and for such other and further relief this Court deems just and proper.

Dated: November 1, 2023

Respectfully submitted,

SACHS SAX CAPLAN
*Attorneys for Palazzo Del Mare at Fisher Island Condominium No. One Association, Inc.*
6111 Broken Sound Parkway NW, Suite 200
Boca Raton, Florida 33487
Telephone: 561-994-4499
Facsimile: 561-994-4985
Email: SLevine@ssclawfirm.com
SRahilly@ssclawfirm.com

By: */s/ Samuel J. Levine*
SAMUEL J. LEVINE, ESQ.
Florida Bar No. 1025534
*Admitted Pro Hac Vice*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 1, 2023, a true and correct copy of the foregoing document was electronically filed through CM/ECF. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.

By: */s/ Samuel J. Levine*
SAMUEL J. LEVINE, ESQ.
Florida Bar No. 1025534
*Admitted Pro Hac Vice*

8