IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
|     Plaintiff, § | |
| § | |
| v. § | CASE NO. 1:23-cv-01545-JGLC |
| § | |
| All That Lot or Parcel of Land Located § | |
| at 19 Duck Pond Lane, Southampton, § | |
| New York 11968, Together With Its § | |
| Buildings, Appurtenances, § | |
| Improvements, Fixtures, Attachments, § | |
| and Easements, et al., § | |
|     Defendants in Rem. § | |
| § | |

**OPPOSITION OF MEDALLION INC. AND VOXI MANAGEMENT CORP. TO MOTIONS TO COMPEL SALES OF FLORIDA PROPERTIES**

Claimant Palazzo Del Mare[1] has moved for interlocutory sale of two Florida properties, one owned by claimant Medallion Inc. and the other by claimant Voxi Management Corp. ECF Nos. 49, 50. Medallion and Voxi oppose the motions. In the exercise of its discretion, the Court should deny the motions without prejudice to renewal after OFAC has resolved pending license applications relating to the properties.

**DISCUSSION**

Palazzo seeks an order for the interlocutory sale of two of the defendants in rem--Units 7182 and 7183 (combined into one unit) and Unit 7002 PH-2--to satisfy tax and other obligations. Medallion owns Units 7182 and 7183 (collectively "Unit 7183"). Voxi owns Unit 7002 PH-2.

---

[1] Two differerently named Palazzo entities bring the motions. We refer to them collectively as "Palazzo."

Unit 7183 serves as the principal residence of Lisa Voronchenko, who is married to Vladimir Voronchenko. Unit 7002 PH-2 is unoccupied.

The Department of Treasury Office of Foreign Assets Control ("OFAC") has placed a blocking notice on Units 7002 PH-2 and 7183, on the theory that Viktor Vekselberg--a sanctioned individual--is the beneficial owner. The blocking notice has the practical effect of barring all financial transactions relating to the properties, including the payment of routine tax bills and condominium association fees, on pain of criminal prosecution. Underscoring this prohibition, the government charged attorney Robert Wise with conspiracy to commit money laundering for making payments to maintain the Florida properties and the other defendants in rem after Vekselberg's designation. *United States v. Robert Wise*, Case 1:23-cr-00073-MKV, Superseding Information, ECF No. 4. Mr. Wise pleaded guilty on April 25, 2023, and is set for sentencing on December 4.

At the time the blocking notice was imposed, a trust associated with the Voronchenko family (the Transoceanic Trust) had been paying the expenses of the properties through Smile Holding Ltd., a Bahamian company owned by the Trust, and Mr. Wise's attorney trust account. On March 23, 2023, following the blocking notice and the filing of this forfeiture action, Smile Holding applied to OFAC for a license to pay outstanding bills for Units 7002 PH-2 and 7183 and the other defendants in rem. OFAC has not acted on the Smile Holding application in the more than seven months since it was submitted. As a result, although Smile Holding stands ready to resume paying the expenses associated with the properties, it cannot lawfully do so.[2]

---

[2] As counsel has previously informed the Court, OFAC has likewise not acted on counsel's application (filed March 12, 2023) to receive fees and expense reimbursements for his representation of Medallion and Voxi.

2

Palazzo is understandably frustrated by the accumulating bills for Units 7002 PH-2 and 7183. It wants the properties sold so it can collect what it and the tax authorities are owed from the proceeds and avoid further unpaid expenses. As it acknowledges, though, it cannot do so without a license from OFAC (and, of course, an order from the Court). According to Palazzo's motions, it has applied for licenses to sell Unit 7002 PH-2 and place a lien on Unit 7183--but, to no one's surprise, OFAC has not yet acted on the applications. ECF No. 49 at 2; ECF No. 50 at 2.

At this point, an order authorizing sale of the properties would be a futile gesture. Anyone who participated in the sale of the properties (including Palazzo and its agents) and anyone who purchased them would risk criminal prosecution--the fate that has befallen Mr. Wise. This means, as both a practical and a legal matter, that the properties are currently unsaleable.

Under the circumstances, we suggest that the Court deny the motions without prejudice to renewal after OFAC has acted on the pending license applications. If OFAC grants a license to Smile Holding, it intends to pay promptly the outstanding bills on the Florida properties and the other defendants in rem, which will moot Palazzo's motions. Conversely, if OFAC denies Palazzo's license applications, then no sales can take place because of the blocking order, and again the motions will be moot. Only in the extremely unlikely event that OFAC denies Smile Holding's application and grants Palazzo's will the motions be ripe for decision. At that point, in light of the circumstances then existing, the parties will be in a position to address the merits of an interlocutory sale.

## CONCLUSION

For the foregoing reasons, claimants Medallion and Voxi ask the Court to deny Palazzo's motions without prejudice to renewal following OFAC's action on the pending license applications.

Respectfully submitted,

/s/ John D. Cline
**Law Office of John D. Cline**
WA Bar No. 59426
cline@johndclinelaw.com
600 Stewart St., Suite 400
Seattle, WA 98101
Tel.: (360) 320-6435


**ATTORNEY FOR MEDALLION INC.
AND VOXI MANAGEMENT CORP.**

## CERTIFICATE OF SERVICE

I certify that on the 9th day of November, 2023, I electronically filed the foregoing document with the Clerk of the Court for the United States District Court for the Southern District of New York using the Court's ECF system.  ECF will send a notice of filing to all counsel of record.

    /s/   *John D. Cline*      
John D. Cline
