UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                Plaintiff,

-against-

ALL THAT LOT OR PARCEL OF LAND LOCATED AT 19 DUCK POND LANE, SOUTHHAMPTON, NEW YORK 11968, TOGETHER WITH ITS BUILDINGS, APPURTENANCES, IMPROVEMENTS, FIXTURES, ATTACHMENTS, AND EASEMENTS, et al.,

                Defendants.

23-CV-1545 (JGLC)

**ORDER**

---

JESSICA G. L. CLARKE, United States District Judge:

      This case is a civil forfeiture action *in rem* brought by the United States pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (a)(1)(C) seeking forfeiture of five pieces of real property. ECF No. 1. The United States alleges that the properties were purchased by Claimants Medallion Inc. ("Medallion") and Voxi Management Inc. ("Voxi") for the benefit of Viktor Vekselberg ("Vekselberg"), a Russian oligarch sanctioned in 2018 and 2022 by the Treasury Department's Office of Foreign Assets Control ("OFAC"). *Id.*; *see also* ECF No. 37 at 2. OFAC has issued blocking notifications for each property. ECF No. 37 at 3. Two of the properties are located on Fisher Island in Miami, Florida. *Id.* at 2.

      Claimant Medallion Inc. ("Medallion") is the titled owner of one of the Fisher Island properties and Claimant Voxi Management Inc. ("Voxi") is the titled owner of the second Fisher Island property. *Id*. Both Medallion and Voxi are shell companies established for the sole purpose of holding real properties, allegedly for the benefit of Vekselberg. *Id*.

      Claimant Palazzo Del Mare at Fisher Island Condominium No. One Association, Inc. ("PDM") is the condominium association governing the building where 7183 Fisher Island Drive

("Unit 7183") is located. *Id*. Medallion is the titled owner of Unit 7183. *Id*.

Claimant Palazzo Del Sol/Della Luna at Fisher Island Condominium Association ("PDS") is the condominium association governing the building where 7002 Fisher Island Drive #PH2 ("Unit PH2") is located. *Id*. Voxi is the titled owner of Unit PH2. *Id*.

Before the Court are motions by PDM and PDS (collectively the "Associations") for interlocutory sale of Units 7183 and PH2 (the "Properties") pursuant to Supplemental Federal Rule of Civil Procedure G(7)(b)(i). *See* ECF Nos. 49–50. It is undisputed that Medallion and Voxi are delinquent on substantial assessments and taxes owed to the Associations and Miami-Dade County and that interest on these sums continues to accumulate. ECF No. 49 at 2–3; ECF 50 at 3–4; ECF 51 at 1–3. It is also undisputed that the Associations may not actually sell (and, in the case of the Unit 7183, impose a lien prior to sale) the Properties without a license from OFAC. ECF No. 29 at 2, 9; ECF No. 50 at 2, 7; ECF No. 51 at 3; ECF No. 52 at 2, 6–7.

The Associations cite *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela* for the proposition that a court may enter an order to compel sale of OFAC-blocked properties before OFAC decides whether to grant a license permitting such a sale. No. 17-MC-151 (LPS), 2022 WL 611586 (D. Del. Mar. 2, 2022); ECF No. 52 at 3. However, *Crystallex* is distinguishable in several ways. Here, there is no special master to advise the Court, and the parties have not apprised the Court of any communications from OFAC in harmony with the propriety of the Court entering a sale order or otherwise signaling OFAC's position. *Cf. Crystallex*, 2022 WL 611586 at *1, 13–16. Moreover, the parties here have not set forth any detailed analysis of the relevant Ukraine/Russia-Related Sanctions Regulations, *see* 31 C.F.R. §589, *et seq.*, to provide assurance that the sanctions regime poses no barrier to a sale order. *Cf. Crystallex*, 2022 WL 611586 at *9–12 (analyzing in detail the Venezuela Sanctions Regulations). In the end, the *Crystallex* court proceeded only with the "prefatory steps toward a sale, as long as the sale does

not close." *Id.* at *15.

The Associations also cite *OI Eur. Grp. B.V. v. Bolivarian Republic of Venezuela*, wherein the court determined that it could authorize the eventual issuance of a writ of attachment of OFAC-blocked property, subject to execution only upon obtaining a specific license from OFAC permitting such attachment. No. 19-MC-290 (LPS), 2022 WL 611563, at *1 (D. Del. Mar. 2, 2022). That the Court may issue a sale order at this juncture does not mean that it must. While the Associations state that issuance of a sale order now would "leave them better prepared to resolve their claims against the Units when an OFAC license is issued," ECF No. 52 at 6, they fail to describe any necessary preparations they intend to make in the absence of OFAC approval and otherwise do not identify any material benefits that militate in favor of issuance of such an order at this juncture. The Associations have likewise not described any current harm that would be remedied by a presently inexecutable sale order (or harm that would be caused by denial of the Motions at this time). Although the Court is not persuaded that an order for sale of the Properties, that is executable only after OFAC approval, would necessarily run afoul of the sanctions regime, out of an abundance of caution, and for the reasons set forth above, the Court will refrain from entering such an order at this time.

Accordingly, the Associations' motions are DENIED without prejudice to renew. The parties shall keep the Court appraised of the status of the relevant applications pending before OFAC.

The Clerk of Court is directed to terminate ECF Nos. 49 and 50.

Dated: April 8, 2024

      New York, New York

SO ORDERED.

_Jessica Clarke_
JESSICA G. L. CLARKE
United States District Judge

3