IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>v.<br><br>All That Lot or Parcel of Land Located at 19 Duck Pond Lane, Southampton, New York 11968, Together With Its Buildings, Appurtenances, Improvements, Fixtures, Attachments, and Easements, et al.,<br>    Defendants in Rem. | CASE NO. 1:23-cv-01545-JGLC |

**MOTION OF MEDALLION INC. AND VOXI MANAGEMENT CORP. TO DISMISS COMPLAINT FOR VIOLATION OF DUE PROCESS AND INCORPORATED MEMORANDUM OF LAW**

    Claimants Medallion Inc. and Voxi Management Corp. move to dismiss the complaint for violation of their Fifth Amendment right to due process.  The same United States government that seeks to confiscate claimants' real property worth tens of millions of dollars has failed for almost seventeen months to act on their counsel's application for a license to receive payment for his legal services and reimbursement for litigation expenses.  As a result, counsel has worked since March 2023 without payment, and neither claimants nor counsel have been able to incur litigation expenses.  This deliberate and indefensible government inaction cripples claimants' defense of their property and violates their right to due process.

    To avoid further prejudice, claimants ask that the Court stay discovery pending decision on this motion.

## BACKGROUND

1.      On March 12, 2023, counsel applied through the online portal of the Department of the Treasury's Office of Foreign Assets Control ("OFAC") for a license to be paid for representation of Medallion and Voxi in this matter and to be reimbursed for litigation expenses. Declaration of John D. Cline ["Cline Dec."] ¶ 2 (attached as Exhibit A).[1] Based on prior experience with OFAC, counsel expected the application to be approved promptly. *Id*.

On several occasions since the initial application, OFAC has requested additional information. Each time, counsel has promptly responded. OFAC made its most recent request for information on January 18, 2024, and counsel responded on January 30, 2024. OFAC has never suggested that counsel's responses were insufficient. *Id*. ¶ 3.

In January 2024, the Court directed the parties to file a "joint status report regarding OFAC approval." ECF No. 53. In response to the Court's Order, the government attorneys handling this litigation contacted OFAC. According to those attorneys, "OFAC further stated that, in light of the January Order, OFAC would endeavor to expedite review of Mr. Cline's application but could not provide a timeline for completion of that review." ECF No. 54 at 1. That was more than six months ago.

Counsel most recently contacted OFAC for an update on the status of his application on July 29, 2024. OFAC's August 6 response states in relevant part: "Your case is moving through the standard process, which includes evaluation and reviews. Due to the high volume of requests,

---

[1] Under OFAC regulations, counsel has a general license to represent Medallion and Voxi in this matter. 31 C.F.R. § 589.506(a). But counsel requires a specific license to be paid his legal fees and reimbursed for litigation expenses. *Id*. §§ 589.506(a), 589.507(a).

we cannot anticipate when your case will be finalized. We will update your case's status as it advances." Cline Dec. ¶ 4.

2. Counsel has explained to OFAC that the attorney fees and expenses for Medallion and Voxi in this matter would be paid by Smile Holding Ltd. Smile is wholly owned by the Transoceanic Trust, the beneficiaries of which are members of the Voronchenko family. To counsel's knowledge, neither Smile, nor the Transoceanic Trust, nor any beneficiary of the Trust is subject to United States government sanctions, nor are Smile's funds from which counsel would be paid blocked assets. *Id*. ¶ 5.

3. On March 23, 2023, Smile applied to OFAC for a license to pay the routine expenses on the defendant properties, including property taxes, property association fees, utilities, and so on. OFAC has not yet acted on the Smile application. As a result, expenses associated with the properties have gone unpaid for well over a year. *Id*. ¶ 6.

4. The complaint in this matter was filed February 24, 2023. ECF No. 1. Undersigned counsel understood that any claims by Medallion and Voxi should be filed no later than early April 2023, with answers due twenty days after the claims were filed. *See* 18 U.S.C. § 983(a)(4). Accordingly, counsel entered his appearance on March 30, 2023. ECF No. 10. That same day, he filed the Medallion and Voxi claims. ECF Nos. 13, 14. He filed answers for the claimants on April 18, 2023. ECF Nos. 20, 21. Cline Dec. ¶ 7.

On April 24, 2023, the government served special interrogatories on Medallion and Voxi, to which counsel responded on May 30, 2023. Since then, counsel has responded to two additional sets of interrogatories to each claimant and has produced documents in response to government requests. Counsel has also propounded document requests on behalf of claimants, to which the government has responded. *Id*. ¶ 8.

5. The parties are now at the point of conducting depositions. The government has served 30(b)(6) deposition notices on Medallion and Voxi, and Medallion and Voxi have served a 30(b)(6) notice on the government. Preparing for the depositions has required, and will continue to require, many hours of counsel's time. In addition, the depositions will require counsel, for the first time in the representation, to incur more than de minimis expenses in connection with the case--for travel, court reporters, videographers, transcripts, and so on. *Id*. ¶ 9.

This poses two problems. First, counsel is unwilling to fund this complex litigation from his own resources. And second, even if counsel were willing to fund the case, the law likely does not permit him to do so. The government maintains (incorrectly, in claimants' view) that Medallion and Voxi are owned beneficially by Viktor Vekselberg, a blocked individual. Complaint at 10-11 ¶¶ 26-30. Thus, the government could take the view that payments counsel made on behalf of Medallion and Voxi are prohibited contributions under the Vekselberg sanctions. *See generally id*. at 6-10 ¶¶ 10-25 (outlining government's view of the Vekselberg sanctions). Cline Dec. ¶ 10.

As a practical matter, the combination of the Vekselberg sanctions and OFAC's failure to act on counsel's license request leaves Medallion and Voxi unable to defend their interest in the defendant properties. *Id*. ¶ 12.

**ARGUMENT**

The Due Process Clause prohibits the deprivation of property without due process of law. U.S. Const. Amend. V; *see, e.g., United States v. James Daniel Good Real Property*, 510 U.S. 43, 48 (1993). "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (quotation omitted); *see, e.g., Spinelli v. City of New York*, 579 F.3d 160, 172-74 (2d Cir. 2009).

Corporations such as Medallion and Voxi can only be "heard" through counsel; unlike individuals, they cannot appear pro se. *See, e.g., Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993) (corporations may not appear in federal court other than through a licensed attorney); *Eagle Associates v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) ("[W]e long have required corporations to appear through a special agent, the licensed attorney."); *Jones v. Niagra Frontier Transportation Authority*, 722 F.2d 20, 22 (2d Cir. 1983) ("Since, of necessity, a natural person must represent the corporation in court, we have insisted that that person be an attorney licensed to practice law before our courts.").

Because Medallion and Voxi must appear through counsel, the Vekselberg sanctions coupled with OFAC's slow-walking of counsel's license application deprives them of *any* "opportunity to be heard" before their property is forfeited, except to the extent counsel is willing to work for free. And such "opportunity to be heard" as exists is not "in a meaningful manner," because claimants' (unpaid) counsel can neither obtain reimbursement for litigation expenses nor (even if he were willing) pay those expenses out of his own pocket. Counsel cannot travel for the case, or hire a court reporter or videographer, or pay for transcripts, or cover the countless other expenses associated with complex litigation.[2] Further proceedings in this case will thus violate the due process rights of Medallion and Voxi.

That leaves the question of remedy. Ordinarily, it might make sense to stay the matter until OFAC acts on counsel's license application. But such a delay would violate claimants' right to be

---

[2] To cite a small but telling example: the government produced its documents on a hard drive that counsel provided. For some reason, likely due to differences in computer operating systems, counsel cannot access the hard drive on his laptop, despite several hours of trying. The usual next step would be to pay an IT specialist to solve the problem--but counsel cannot incur that expense, for the reasons explained above. Thus, counsel cannot even review the government's production until OFAC grants his license application. Cline Dec. ¶ 11.

heard "at a meaningful time." It has been almost *seventeen months* since counsel applied for a license. More than six months ago, in response to the Court's inquiry, OFAC told the government lawyers handling this litigation that it would "would endeavor to expedite review of Mr. Cline's application but could not provide a timeline for completion of that review." ECF No. 54 at 1. OFAC's August 6 response to undersigned counsel's latest inquiry suggests that no end of "the standard process, which includes evaluation and reviews" is remotely in sight. For all OFAC will disclose, it could be another year, or two, or three, before it gets around to acting on counsel's application. Forcing Medallion and Voxi to wait some indeterminate additional amount of time to reclaim full control of their properties, with the delay attributable entirely to indefensible government delay, would make a mockery of the "at a meaningful time" due process requirement.

Delay would be particularly damaging because of OFAC's equally deplorable inaction on Smile's application for a license to pay the expenses associated with the properties. As a result of OFAC's foot-dragging, property taxes, property association fees, utilities, and other expenses have gone unpaid for well over a year. The Palazzo claimants have understandably complained to the Court about the non-payment of certain fees associated with the three Fisher Island defendants-in-rem (fees that Smile would gladly pay if OFAC would grant it a license), but they too apparently have been unable to get OFAC to act on their license applications. ECF Nos. 49, 50, 51, 52, 54. Enough is enough.

## CONCLUSION

The only remedy that vindicates the due process rights of Medallion and Voxi is dismissal of the complaint. Given OFAC's extraordinary and unjustified delay in acting on counsel's license application, the dismissal should be with prejudice.

Dated: August 7, 2024

Respectfully submitted,

/s/ John D. Cline
**Law Office of John D. Cline**
WA Bar No. 59426
cline@johndclinelaw.com
600 Stewart St., Suite 400
Seattle, WA 98101
Tel.: (360) 320-6435

## CERTIFICATE OF SERVICE

I certify that on the 7th day of August, 2024, I electronically filed the foregoing document with the Clerk of the Court for the United States District Court for the Southern District of New York using the Court's ECF system. ECF will send a notice of filing to all counsel of record.

                                           /s/ *John D. Cline*
                                           John D. Cline